

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 15, 1958

Honorable Ramie H. Griffin
Criminal District Attorney
County Courthouse
Jefferson County
Beaumont, Texas

Opinion No. WW-512

Re: Can a Plaintiff who makes a
costs deposit pursuant to
Rule 146, Texas Rules of
Civil Procedure, and later
prevails in the trial of
his case with all costs as-
sessed against the Defendant
from whom the District Clerk
cannot collect said costs,
recover his costs deposit?
If so, what recourse does
the District Clerk have in
the event portions of the
deposit have been paid into
the County Treasury?

Dear Mr. Griffin:

Your recent request for an opinion from this office
sets out two questions. They are as follows:

1. Where the Plaintiff in a civil suit
has made a costs deposit with the District
Clerk pursuant to Rule 146, Texas Rules of
Civil Procedure, and upon trial of the cause
judgment is rendered in favor of Plaintiff
with all costs assessed against Defendant,
and the District Clerk is unable to collect
such costs from the Defendant, can the Plain-
tiff recover the costs deposit?

2. If Plaintiff can recover the costs deposit
under the circumstances outlined above, what
recourse has the District Clerk in the event
portions of the deposit have been paid into
the County Treasury?

Several Texas Rules of Civil Procedure set out each party's responsibility for court costs. They are as follows:

"Rule 125. Parties Responsible. Each party to a suit shall be liable to the officers of the Court for all costs incurred by himself.

"Rule 127. Parties Liable for Other Costs. Each party to a suit shall be liable for all costs incurred by him. If the costs cannot be collected from the party against whom they have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more.

"Rule 142. Security for Costs. The clerk may require from the plaintiff security for costs before issuing any process, but shall file the petition and enter the same on the docket . . . .

"Rule 143. Rule for Costs. The plaintiff may be ruled to give security for costs at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit . . . .

"Rule 146. Deposit for Costs. In lieu of a bond for costs, the party required to give the same may deposit with the clerk of court or the justice of the peace such sum as the court or justice from time to time may designate as sufficient to pay the accrued costs.

"Rule 149. When costs have been adjudged against a party and are not paid, the clerk or justice of the court in which the suit was determined may issue execution, accompanied by an itemized bill of costs, against such party to be levied and collected as in other cases; and said officer, on demand of any party to whom any such costs are due, shall issue execution for costs at once. . . ."

The rules are clear. Each party is responsible to the Court for the costs incurred by him in any civil suit. A deposit or bond may be required of each party to insure payment

of these costs. Assessment can be made against the required deposit or bond for two purposes.

First, the losing party may be assessed all costs of the suit. The bond or deposit may be levied against for these costs.

Secondly, if the costs cannot be collected by the Court from the party against whom they are assessed, then the prevailing party is liable for those costs incurred by him, but he is liable for no more.

We quote from Doss, et al. v. Chambers, et al., 188 S.W. 296, Civ.App. 1916, no writ history:

> "The general rule in civil cases is that, when an appellant obtains a judgment in the appellate court, deciding the case on its merits in his favor, he also obtains a judgment against his adversary for all the costs; but, if no costs can be collected from the adverse party, he is liable to the officers of the several courts for the costs incurred by him."

It is the opinion of this office, that when the Plaintiff in a civil suit has made a costs deposit with the District Clerk pursuant to Rule 146, Texas Rules of Civil Procedure, and judgment is rendered in his favor with Defendant being assessed all costs, Plaintiff is entitled to recover his costs deposit. When, as in the instant case, costs cannot be collected from the party against whom they have been assessed, the Plaintiff is liable to the Court for those costs incurred by him. After his costs have been deducted he is entitled to recover the remainder of the deposit.

Attorney General's Opinion O-4948 (1942) spoke regarding questions related to those propounded by you. That opinion described the funds collected by county officials, including court costs deposits collected by the District Clerk, as trust funds. We subscribe to that view. Once the amount of the excess costs deposit has been established, that is sufficient to constitute a legitimate claim against the county in that amount.

Therefore, it is our opinion that in the event portions of the deposit have been paid into the County Treasury, the District Clerk's recourse would be to present his claim for the

Honorable Ramie H. Griffin, Page 4,   (WW-512)


excess amount of the deposit against the County.  In doing this, the District Clerk would follow those procedural rules which have been adopted by the Commissioner's Court in the county wherein the claim is being presented.

## SUMMARY

Where the Plaintiff in a civil suit has made a costs deposit with the District Clerk pursuant to Rule 146, Texas Rules of Civil Procedure, and upon trial of the cause judgment is rendered in favor of Plaintiff with all costs assessed against Defendant, and the District Clerk is unable to collect such costs from the Defendant, the Plaintiff can recover the costs deposit after those costs accruing to him have been deducted.

In the event portions of the deposit have been paid into the County Treasury, the District Clerk's recourse would be to present his claim against the County according to the rules of procedure which have been adopted by the Commissioner's Court in the County where the claim is presented.

Very truly yours,

WILL WILSON
ATTORNEY GENERAL OF TEXAS

By: Byron Fullerton
Byron Fullerton
Assistant

BF:bb
APPROVED

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Milton Richardson
Morgan Nesbitt
Leon Pesek
Clyde Kennelly
REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. GEPPERT